

# IN THE
# TENTH COURT OF APPEALS

———————————

## No. 10-08-00435-CV

## IN RE JOHN STEINBECK

———————————

## Original Proceeding

---

## MEMORANDUM OPINION

---

This mandamus proceeding is brought by a distraught father acting as his own attorney trying to make his way through the legal statutes and rules in an effort to do what he thinks is in the best interest of his son. He asks us to compel the trial court to do the following:

1. Allow him to place his son into child therapy;

2. Resume the October 30, 2008 hearing to modify the "temporary order;"

3. Compel the mother of the child to comply with the "standing order" that thou shall not speak negatively to the child about the other parent; and

4. Set a jury trial date for his case that has been on file for 8 years.

The petition raises some questions about why this proceeding has languished for so long in the system. As the Relator notes, this proceeding has been pending far longer than you would expect, longer than the Texas Supreme Court's guidelines for contested

family law cases, and longer than the trial court's publicly stated goals would suggest it would remain pending. At this juncture, however, the Relator has not presented us with a petition, a record, or legal issue upon which we can grant relief. It may be, however, that if the situation is not finalized, he will be able to obtain some form of relief in the future.

We begin by noting that the form of the petition is woefully deficient. It contains almost none of the elements of a proper Petition for Writ of Mandamus. TEX. R. APP. P. 52. Neither it nor the record is properly verified. *Id*. 52.3; 52.7. Further, while the Relator provided a record that has some of the documents needed to determine whether the Court should compel the trial court to take action, it is inadequate in other respects. In this regard, a copy of the underlying live pleadings of the parties would be useful to see and understand why the dispute may be more complex or why it has taken so long to resolve. Likewise, the principle complaint raised in this proceeding is that the Relator would like to have the child visit a therapist that he considers neutral and has no connection to the mother and to otherwise compel modification of the temporary orders that they have apparently been operating under for 8 years. However, the temporary order is not part of the record that has been filed with this Court. Further, there is no reporter's record for the hearing that was started on October 30, 2008.

These procedural deficiencies are not, however, the reason that we are denying the Petition. We would notify the Relator of the deficiencies in the Petition and Record and allow him the opportunity to correct them, if that was the only problem. The problems for the Relator are more substantive.

Petitioner filed a Motion to Modify Temporary Orders on October 14, 2008, after apparently operating under those orders for 8 years. He obtained a hearing on the motion, albeit for only 20 minutes of evidence, on October 30, 2008. At that time, the trial court recessed the hearing and it has not been resumed. Upon these facts, even if properly verified, we could not hold that the trial court has abused its discretion in failing to timely resume the hearing. Having waited 8 years to seek to modify the temporary orders, without doing more to have the trial court bring this matter to a conclusion than is revealed by this record, we cannot conclude that the urgency is such that the trial court failed to timely proceed to a disposition of this hearing and the related motion. *See In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding). Accordingly, this specific request for mandamus relief, item number 2 in his prayer—that we compel the trial court to resume the October 30, 2008 hearing, is denied.

Item 1 of Relator's prayer, which is that we compel the trial court to allow him to place his son in child therapy [with a therapist of the Relator's choosing], also must be denied. The petition indicates that the therapist the child is currently seeing is too close to the mother to allow proper therapy. But this is a contested issue to be resolved by the hearing that has not been concluded and thus it would be premature for us to compel a particular result, which we, nevertheless, do not have the authority to grant. When the trial court has not ruled on requested relief, we are limited to compelling the trial court to make a ruling, not to make a specific ruling. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). Accordingly, this specific request is denied.

Likewise, item 3 in the Relator's prayer, that we compel the trial court to require the mother to comply with the trial Court's standing order, would require us to insert ourselves into a pending hearing and compel a particular ruling by the trial court. For the reasons stated above, we do not have the authority to do this in this proceeding. Accordingly, this specific request is denied.

Finally, the Relator asks that we compel the trial court to set the matter for a jury trial date. The problem with this request, item 4 in his prayer for relief, is that there is no showing that he has requested a setting and that it has been denied. While the length of time that this matter has been pending is very troubling, there is nothing in this record to show that the delay has been the result of, or attributable to, the trial court's failure to set it for trial. Accordingly, this specific request is denied.

Having denied each of the specific requests for mandamus relief, the Relator's petition is denied.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition denied
Opinion delivered and filed January 21, 2009.
[CV06]